IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| BARBARA AIELLO, | ) | CASE NO.1:19-CV-01558 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL | ) | ORDER |
| SECURITY, | ) | |
| | ) | |
| Defendant. | | |

**Introduction**

Before me[1] is an action by Barbara Aiello under 42 U.S.C. §§ 405(g), 1383 (c)(3) seeking judicial review of the 2018 decision of the Commissioner of Social Security that denied Aielllo's 2016 application for Disability Insurance Benefits and Supplemental Security Income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial[5] and procedural[6] orders, the parties have

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Donald C. Nugent. ECF No. 19.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 6.
[6] ECF No. 11.

1

briefed their arguments[7] and filed supplemental fact sheets and charts.[8] Aiello has filed a reply brief.[9]

In addition, the parties have met and conferred as to further narrowing the issues before me, agreeing that the "ALJ's Listing and credibility analyses are no longer at issue."[10] The parties then participated in a telephonic oral argument.[11]

For the following reasons, the decision of the Commissioner will be affirmed.

**Facts**

The salient background facts are briefly stated. Aiello was born in 1958, making her a person of advanced age at all relevant times.[12] She has a high school education and her past relevant work was as a nanny.[13] The ALJ found anxiety disorder and affective disorder as severe impairments but did not find that they met or medically equaled a listing.[14]

The ALJ determined that Aiello has an RFC to perform a full range of light work at all exertional levels, but with the following non-exertional limitations: "can do no complex tasks, but can do simple, routine tasks; the tasks should be low stress, i.e., no high production or piece rate work and no arbitration, confrontation, negotiation, and

---

[7] ECF Nos. 13 (Aiello), 16 (Commissioner).
[8] ECF Nos. 13, Attachment 1 (Aiello), 16, Attachment 1 (Commissioner).
[9] ECF No. 16.
[10] ECF No. 18.
[11] ECF No. 21.
[12] Tr. at 22.
[13] *Id*. at 22-23.
[14] *Id*. at 17. As noted, the parties agreed that this conclusion was no longer at issue.

2

supervision; no commercial driving; and only superficial interaction with coworkers and supervisors, meaning short durations, no more than 5 minutes per person and for a definite stated purpose."[15]

In forming the RFC, the ALJ first discussed treatment notes pertaining to Aiello's resumption of treatment for her depression in September 2015 and continuing through February 2018.[16] The ALJ characterized the results from mental status examinations during the period of April 2017 through February 2018 as showing that Aiello was doing well with her medications, was "insightful and cooperative," and was demonstrating "significant improvement in her mental health."[17]

As for the opinion evidence, the ALJ gave great weight to the opinions of state agency consultants.[18] They opined that Aiello is capable of "completing simple, short cycle, routine tasks at a moderate pace, and superficial interactions with coworkers and supervisors."[19] Further, great weight was given to the opinion of Dr. Silverstein, an internal medicine consultant.[20] His report found no significant limitations on lifting or carrying, nor on posture, manipulation or environmental considerations.[21]

---

[15] *Id.* at 19.
[16] *Id.* at 20-21.
[17] *Id.* at 21 (citations omitted).
[18] *Id.* (citations omitted).
[19] *Id.* (citations omitted).
[20] *Id.* at 22 (citation omitted).
[21] *Id.*

But little weight was given to a letter prepared by Valerie Treisch-Chirdon, a licensed social worker.[22] The ALJ initially observed that although Treisch-Chirdon was not an acceptable medical source, her letter was nevertheless "taken into consideration."[23] But the ALJ went on to state that the Treisch-Chirdon letter was "vague," and that while it summarized some observable behaviors, it did not "adequately describe the functional limitations of [Aiello]."[24] Further, the ALJ found that even the behavior noted by Treisch-Chirdon was inconsistent with the mental status exam notes that showed Aiello had "an appropriate affect, a logical thought process and content" and was demonstrating "less depress[ion]" along with "improved energy."[25]

The VE testified that Aiello could no longer perform her past work as a nanny.[26] The VE further testified that although Aiello's ability to work at all exertional levels was compromised by her non-exertional limitations as reflected in the RFC, there were nonetheless sufficient jobs in the national economy that Aiello could perform.[27]

Aiello was thus found not to be disabled.[28]

---

[22] *Id.* (citation omitted).
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.* at 23.
[28] *Id.* at 24.

4

**Analysis**

The Commissioner's decision is here analyzed under the well-known substantial evidence standard.

Following the parties conference that limited the issues, two issues remain:

1. Does substantial evidence support the decision to give little weight to Treisch-Chirdon's opinion?

2. Did the ALJ properly include all relevant limitations in the RFC, specifically the limitation by the state agency reviewer that Aiello could perform no tasks requiring close, sustained concentration?

<u>Weight assessment of Treisch-Chirdon opinion</u>

Aiello concedes that the state agency reviewer's opinion considered the Treisch-Chirdon letter and further concedes that the Triesch-Chirdon letter did not opine as to how any observed impairment caused any work-related limitation. I further note, as does the Commissioner, that because the Triesch-Chirdon letter was from a non-acceptable medical source, the ALJ was not required to give "good reasons" for the weight given.[29] Opinions

---

[29] See, *Thiele v. Berryhill*, 2017 WL 1207977, at *17 (N.D. Ohio March 10, 2017) (citations omitted); report and recommendation adopted, *Thiel v. Comm'r of Social Security*, 2017 WL 1199097 (N.D. Ohio March 31, 2017).

from such other sources should nonetheless be evaluated and the ALJ should "provide[] some basis for why he was rejecting the opinion."[30]

That said, the ALJ here did evaluate the Triesch-Chirdon letter and specifically found that it was vague, did not describe any functional limitations and was not supported by the treatment notes. As such, the ALJ more than adequately complied with the applicable regulations and provided a judicially reviewable basis in the record for not giving greater weight to this opinion.

<u>Additional limitation in the RFC</u>

As described above, this issue is a fairly narrow question of whether the ALJ erred by not including language in the RFC precluding Aiello from performing tasks requiring close, sustained concentration.

Aiello argues that had this limitation been incorporated into the RFC she would be off task more than twenty percent of a workday or miss more than two days of work per month, thus eliminating her from any possible jobs.[31] The Commissioner in turn contends first that Aiello cannot now complain that the hypothetical to the VE was incomplete since she had the chance to ask the VE about additional limitations but failed to do so.[32] Moreover, the Commissioner asserts that the state agency opinion at issue was framed in

---

[30] *Cruse v. Comm'r of Social Security*, 502 F.3d 532, 541 (6th Cir. 2007) (citing SSR 06-03P).
[31] ECF No. 13 at 18.
[32] ECF No. 16 at 16 (citing *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006).

terms of permitting Aiello to perform 2-4 step routine tasks without fast pace or strict standards but not tasks requiring close, sustained concentration.[33] The Commissioner further observes that the terms "close" and "sustained" are separated by a comma, suggesting that they are to be read together, and not as Aiello suggests as close *or* sustained.[34]

"[B]y declining to question the VE on cross-examination, any objections were waived and there are no grounds for relief based on either inaccuracies of the VE's testimony or a conflict between the VE's testimony and the DOT."[35] Further, there is no evidence in the record or in credited opinion that Aiello would be off task more than twenty percent of a workday or miss more than two days per month. Even if the state agency opinion were understood as Aiello would have it, that opinion does not require that the RFC include a limitation specifying that Aiello would miss work time as she contends. The lack of evidence on this point falls on Aiello since the claimant bears the burden of proving her functional limitations through step five.[36] Finally, the mere fact that the ALJ asked the VE about certain hypothetical limitations does not mean that the ALJ is then required to adopt them into the RFC.[37]

---

[33] *Id*.
[34] *Id*. (emphasis original).
[35] *Zorn v. Comm'r of Social Security*, 2015 WL 5545257, at *4 (E.D. Mich. Sept. 18, 2015) (adopting report and recommendation) (citation omitted).
[36] 20 C.F.R. § 404.1512(a)(1); *Parrish v. Berryhill*, 2017 WL 2728394, at * 13 (N.D. Ohio June 8, 2017)
[37] *Sayler v. Comm'r of Soc. Sec.*, 574 Fed. Appx. 595, 596 (6th Cir. 2014) (*per curiam*).

Thus, I find no error in the handling of Step Five in this case.

## Conclusion

Accordingly, and for the reasons stated, the decision of the Commissioner to deny the application of Barbara Aiello for disability insurance benefits and supplemental security income is hereby affirmed.

IT IS SO ORDERED.

Dated: May 18, 2020  s/William H. Baughman Jr.
United States Magistrate Judge